**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| JACINTO GONZALEZ-CRUZ, | : | MOTION TO VACATE |
|     Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:09-CR-0507-TCB-JFK-1 |
| UNITED STATES OF AMERICA, | : | |
|     Respondent. | : | CIVIL FILE NO. |
| | : | 1:12-CV-0982-TCB-JFK |

**MAGISTRATE JUDGE'S FINAL**
**REPORT AND RECOMMENDATION**

Movant, Jacinto Gonzalez-Cruz, has filed a document, construed as a 28 U.S.C. § 2255 motion, that seeks to challenge his sentence entered in this District under the above criminal docket number. (Doc. Nos. 36, 38). Rule 4(b) requires the Court to order summary dismissal of a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief[.]" Rules Governing Section 2255 Proceedings, Rule 4(b). For the reasons discussed below, it is recommended that Movant's § 2255 motion be dismissed as untimely.[1]

---

[1] The opportunity to object to this recommendation provides Movant with a fair opportunity to present any matter that requires a different disposition of the matter. See Day v. McDonough, 547 U.S. 198, 209-10 (2006) ("hold[ing] that district courts

**I.    Discussion**

The grand jury for the Northern District of Georgia indicted Movant for illegally reentering the United States after previously having been deported and removed. (Doc. No. 1). Movant pleaded guilty, (Doc. No. 13), and on April 1, 2010, the Court sentenced Movant to sixty months of imprisonment, (Doc. No. 18). Movant appealed and, on November 1, 2010, the Eleventh Circuit Court of Appeals found that Movant's sentence was reasonable and affirmed. United States v. Gonzalez-Cruz, 401 F. App'x 506, 508-09 (11th Cir. 2010). Movant did not seek further direct review.

In his current motion, deemed filed on February 14, 2012, Movant presents two grounds for relief.[2] (Doc. No. 36). First, Movant contests the criminal history points that he received for two prior convictions and argues that he should not have received those points because he was not incarcerated for more than a year on either conviction. (Id. at unnumbered page 2). Petitioner relies on the "recent Supreme Court decision"

---

are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition," but noting that "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions").

[2]Generally, a prisoner filing may be deemed filed on the day that the prisoner delivered it for mailing to prison officials, which, absent evidence to the contrary, is presumed to be the date on which he signed it. Day v. Hall, 528 F.3d 1315, 1318 (11th Cir. 2008) (citing Houston v. Lack, 487 U.S. 266, 276 (1988); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001)).

2

in "U.S. v. Simmons" for the proposition that a criminal history point for a prior conviction requires an actual sentence length of more than one year on that conviction.[3] (Doc. No. 36 at unnumbered page 1). Second, Movant contends that the sixteen-point enhancement that he received under U.S.S.G. § 2L1.2(B)(1)(A) should be reduced to a twelve point enhancement based on the recent modification to that guideline section. (Doc. No. 36 at unnumbered page 3).

A § 2255 motion is subject to a one-year statute of limitations that runs from the latest of,

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[3]The Court can find no recent substantive opinion, titled Simmons v. United States, issued by the United States Supreme Court. Although Movant does not provide a citation for Simmons, it appears that he refers to United States v. Simmons, _ U.S. _, 130 S. Ct. 3455 (June 21, 2010) (vacating, without opinion, Fourth Circuit Court of Appeals decision and remanding for further consideration under Carachuri–Rosendo v. Holder, _ U.S. _, 130 S. Ct. 2577 (2010)). See United States v. Valdez, No. 03-30050, 2012 WL 1135563, at *1 (C.D. Ill. April 4, 2012) (discussing defendant's erroneous reliance on Simmons and Carachuri–Rosendo for the proposition that a criminal history point required an actual sentence length of more than one year and one day).

3

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (f). The one-year statute of limitations is subject to equitable tolling if the petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir.) (quoting Holland v. Florida, _ U.S. _, _, 130 S. Ct. 2549, 2562 (2010)) (internal quotation marks omitted), cert. denied, _ U.S. _, 132 S. Ct. 158 (2011).[4] In addition, actual innocence may provide an "exceedingly narrow" exception to the one-year limitations period. Id. at 1268 (quoting Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001)) (internal quotation marks omitted); see also Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) ("[T]he alleged [actual innocence] exception for . . . untimeliness would require the petitioner (1) to present 'new reliable evidence . . . that was not presented at trial,' . . . and (2) to show 'that it is more likely than not that no

---

[4]The Court relies on cases analyzing the one-year limitations period for § 2255 motions and/or § 2254 petitions. See Johnson v. United States, 340 F.3d 1219, 1224 (11th Cir. 2003) ("[W]e interpret the limitations period of § 2255 consistently with the limitations period of § 2244[,]" which applies to 28 U.S.C. § 2254 petitions.).

4

reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." (citations omitted)).

Here, there is no indication that § 2255(f)(2) or (4), equitable tolling, or the actual innocence exception apply. To the extent that Movant intended to rely on § 2255(f)(3) and Simmons, 130 S. Ct. 3455, his motion is untimely because it was filed on February 14, 2012, more than one year after the United States Supreme Court issued the Simmons opinion on June 21, 2010. Movant's § 2255 motion also is untimely under § 2255(f)(1). Movant's conviction and sentence became final and the federal limitations period began to run on Monday, January 31, 2011, when his time to seek a writ of *certiorari* in the United States Supreme Court expired, ninety days after the Eleventh Circuit Court of Appeals on November 1, 2010, affirmed his conviction and sentence. See Michel v. United States, 519 F.3d 1267, 1268 n.1 (11th Cir. 2008). Thus, the one-year limitations period for Movant began to run on January 31, 2011, and expired on January 31, 2012. Movant's § 2255 motion, filed on February 14, 2012, is untimely.

Additionally, to the extent Movant's claim regarding U.S.S.G. § 2L1.2(b)(1)(A) could be construed as an attempt to file a motion under 18 U.S.C. § 3582(c)(2), it fails. Section 3582(c)(2) allows a district court to modify a term of imprisonment "in the

5

case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Sentencing Commission policy does not allow a § 3582(c)(2) modification unless the guideline amendment has been made retroactive by inclusion in U.S.S.G. § 1B1.10(c). U.S.S.G. § 1B1.10(b)(1); United States v. Armstrong, 347 F.3d 905, 907-08 (11th Cir. 2003).

Section 2L1.2(a) provides a base offense level of eight for unlawfully entering the United States. At the time Movant was sentenced, § 2L1.2(b)(1)(A) required that a defendant's offense level be increased by 16 levels if he had been previously deported after certain qualifying convictions. Effective November 1, 2011, that guideline was amended by adding the following wording (in italics) – "increase by 16 levels *if the conviction receives criminal history points under Chapter Four or by 12 levels if the conviction does not receive criminal history points*[.]" U.S.S.G. § 2L1.2(b)(1)(A) (emphasis added), Historical Notes, 2011 Amendments. The amendment does not help Movant. Movant does not show that his prior qualifying conviction or convictions were not counted in his criminal history. Moreover, even if Movant did make such a showing, the 2011 amendment to that guideline is not

6

retroactive and does not provide grounds for relief under § 3582(c)(2). See U.S.S.G. § 1B1.10(c); United States v. Moran-Rosario, No. 11-4674, 2012 WL 503827, at *2 n.* (4th Cir. Feb. 16, 2012).

## II.     Certificate of Appealability ("COA")

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." To satisfy that standard, a movant must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Lott v. Attorney Gen., 594 F.3d 1296, 1301 (11th Cir. 2010) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotation marks omitted)).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," . . . a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists

7

of reason would find it debatable whether the district court was correct in its procedural ruling."

Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

It is recommended that a COA is unwarranted because, based on the current record, it is not debatable that this action is untimely. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

### III. Conclusion

For the reasons stated above,

It is **RECOMMENDED** that Movant's § 2255 motion, (Doc. No. 36), be **DENIED** and that a COA be **DENIED**.

The Clerk is **DIRECTED** to withdraw the reference of the § 2255 motion to the Magistrate Judge.

**IT IS SO RECOMMENDED** this 9th day of May, 2012.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)